

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
:
In re : Chapter 11
:
PEREGRINE I, LLC,[1] : Case No. 11-11230 (MFW)
:
Debtor. : **Re: Docket No. 3**
:
------------------------------------------------------------x

## ORDER AUTHORIZING (I) CRITICAL PAYMENT TO FOREIGN OPERATOR AND (II) CONSENSUAL USE OF CASH COLLATERAL

Upon the emergency motion (the "Motion")[2] of the above-captioned debtor and debtor-in- possession (the "Debtor") for the entry of an order (this "Order") authorizing (a) the Debtor to make a critical payment to Etesco; and (b) the consensual use of cash collateral to make such payment; the Court finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and (iii) notice of the Motion was sufficient under the circumstances and that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor and its estate; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

---

[1] The last four digits of the Debtor's taxpayer identification number are 7108. The address of the Debtor is Maples Corporate Services Limited, P.O. Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2. The Debtor is authorized to pay to Etesco $3.145 million. To the extent that the Etesco Claim is a post-petition claim, the payment is within the Debtor's ordinary course of business, and to the extent that it is a pre-petition claim, the Court finds that it is justified under the doctrine of necessity.

3. The consensual use of cash collateral in order to make the payments pursuant to this Order is authorized.

4. The requirements set forth in Rule 6003(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") are satisfied by the contents of the Motion.

5. Nothing in the Motion or this Order, nor as a result of the Debtor's payments made pursuant to this Order, shall be deemed or construed as: (a) an admission as to the validity or priority of any claim against the Debtor; (b) a waiver of the Debtor's rights to dispute any claim; or (c) an approval or assumption of the Operating Agreement or any other agreement or contract between the Debtor and Etesco pursuant to section 365 of the Bankruptcy Code.

6. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: April 29, 2011
Wilmington, Delaware

_____
THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

NY\1803495.2RLF1 3991728v. 2