## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PEREGRINE I, LLC,[1] | ) Case No. 11-11230 (MFW) |
| | ) |
| Debtor. | ) |
| | ) **Re: Docket No. 19** |

## INTERIM ORDER (I) AUTHORIZING DEBTOR TO UTILIZE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363; (II) GRANTING ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES PURSUANT TO 11 U.S.C. §§ 105, 361, 362 AND 363; AND (III) SCHEDULING FINAL HEARING PURSUANT TO FED. R. BANKR. P. 4001

Upon the motion (the "Motion"), dated May 3, 2011, of Peregrine I, LLC, as debtor and debtor-in-possession (the "Debtor"), in the above-captioned case (the "Case") pursuant to sections 105, 361, 362, 363 and 507 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the corresponding local rules of this District (the "Local Rules"), seeking, among other things:

(1)     the granting of adequate protection to the Secured Lenders (as defined below) under the Facilities Agreement, dated 19 November 2007, as amended and restated on 22 December 2007 and 26 March 2008 (as heretofore amended, amended and restated, supplemented or otherwise modified from time to time, the "Facilities Agreement"; and together with all Finance Documents (as defined in the Facilities Agreement), swap agreements, letters of credit, mortgages, security agreements and other documentation executed in connection with the Facilities Agreement, the "Existing Agreements"), among the Debtor party thereto, GE Capital

---

[1]    The last four digits of the Debtor's taxpayer identification number are 7108. The address of the Debtor is Maples Corporate Services Limited, P.O. Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands.

4006121_1.DOC
RLF1 4006121v. 1

Markets Inc. and WestLB AG, New York Branch as mandated lead arranger, those certain lenders party thereto (the "Secured Lenders"), WestLB AG, New York Branch as facility agent (in such capacity under the Facilities Agreement, the "Agent") for the Secured Lenders, WestLB AG, New York Branch as security trustee (in such capacity under the Facilities Agreement, the "Security Trustee" and, together with the Agent and the Secured Lenders and all other Secured Parties under or pursuant to the Finance Documents, the "Prepetition Secured Parties");

(2)    authorization for the Debtor to use, pursuant to sections 105, 361, 362, 363 and 507 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001 and 9014, cash collateral in which any of the Prepetition Secured Parties have an interest, and the granting of adequate protection to the Prepetition Secured Parties with respect to, *inter alia,* such use of their cash collateral and the imposition of the automatic stay and all use and any resulting diminution in the value of the Prepetition Collateral (as defined below);

(3)    approval of certain stipulations by the Debtor with respect to the amount, priority, validity, enforceability and perfection of the claims arising under, and the liens granted pursuant to, the Existing Agreements;

(4)    pursuant to Bankruptcy Rule 4001, that an interim hearing (the "Interim Hearing") on the Motion be held before this Court to consider entry of this proposed interim order (the "Interim Order"), among other things (a) authorizing the Debtor's use of Cash Collateral (as defined below) and (b) granting the adequate protection described herein; and

(5)    the scheduling of a final hearing (the "Final Hearing") to be held within 21 days after entry of this Interim Order, to consider entry of a final order (the "Final Order") authorizing and approving the relief sought in the Motion on a final basis, as set forth in the Motion filed with this Court.

4006121_1.DOC
RLF1 4006121v. 1

Due and appropriate notice of the Motion, the relief requested therein and the Interim Hearing having been served by the Debtor on (i) the Office of the United States Trustee for the District of Delaware, (ii) counsel for the Agent and Security Trustee, (iii) the Debtor's top 20 unsecured creditors, (iv) the Internal Revenue Service and (v) local taxing authorities;

The Interim Hearing having been held by this Court on May 9, 2011 and upon the record of the Interim Hearing, and after due deliberation and consideration and sufficient cause appearing therefor;

Upon all of the pleadings filed with this Court and upon the record of the Interim Hearing, and all objections to the relief sought in the Motion having been sustained, overruled, withdrawn or otherwise resolved, and after due deliberation and consideration and sufficient cause appearing therefor;

IT IS FOUND, DETERMINED, ORDERED AND ADJUDGED, that:

1.      *Disposition.*  The Motion is granted on an interim basis on the terms set forth herein. Any objections to the interim relief sought in the Motion that have not been previously resolved, waived, settled or withdrawn are overruled on the merits. This Interim Order shall be valid, binding and enforceable on all parties in interest and fully effective immediately upon entry.

2.      *Jurisdiction and Venue.*  This Court has core jurisdiction over the Case, the Motion, and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 105, 361, 362, 363 and 507 of the Bankruptcy Code and Bankruptcy Rules 4001(b) and (d) and the Local Rules.

3.    *Notice.*  The notice given by the Debtor of the Motion and the Interim Hearing constitutes appropriate, due and sufficient notice thereof and complies with section 363 of the Bankruptcy Code, Bankruptcy Rule 4001(b) and the Local Rules, and no further notice of the relief sought at the Interim Hearing and the relief granted herein is necessary or required.

4.    *Debtor's Stipulations.*  Without prejudice to the rights of any other party (but subject to the limitations thereon contained in paragraph 14 below), the Debtor admits, stipulates and agrees that:

(a)    as of April 25, 2011, the date of the commencement of the Debtor's Case (the "Petition Date"), the Debtor was liable to the Secured Lenders, without defense, counterclaim or offset of any kind, in the aggregate principal amount of approximately $193 million in respect of loans made, swap agreements entered into and other financial accommodations made, in each case, by the Secured Lenders pursuant to and in accordance with the terms of the Existing Agreements, plus interest thereon and agency, facility, extension and other fees, expenses (including any attorneys', accountants', appraisers', financial advisors' and swap counterparty's fees that are chargeable or reimbursable under the Existing Agreements) and other obligations incurred in connection therewith as provided in the Existing Agreements (collectively, the "Prepetition Lien Obligations");

(b)    the Prepetition Lien Obligations constitute the legal, valid and binding obligations of the Debtor, enforceable in accordance with the terms of the Existing Agreements (other than in respect of the stay of enforcement arising from section 362 of the Bankruptcy Code), no portion of the Prepetition Lien Obligations or any payments made to the Prepetition Secured Parties or any amounts applied to the obligations owing under the Existing Agreements prior to the Petition Date is subject to avoidance, subordination (except for the Carve Out),

4

recharacterization, recovery, attack, offset, counterclaim, defense or Claim (as defined in the Bankruptcy Code) pursuant to the Bankruptcy Code or applicable non-bankruptcy law;

(c) the Debtor does not have and hereby forever releases, and is forever barred from bringing, any Claims (as defined in the Bankruptcy Code), counterclaims, causes of action, defenses or setoff rights, against the Prepetition Secured Parties, and their respective affiliates, subsidiaries, agents, advisors, officers, directors, employees and attorneys, whether arising at law or in equity, including any recharacterization, subordination, avoidance or other claim arising under or pursuant to section 105 or chapter 5 of the Bankruptcy Code or under any other similar provisions of applicable state or federal law; <u>provided</u> that in each case such claim or action is based in whole or in part on facts, events or conditions, whether known or unknown, existing on or prior to the Petition Date and which arise out of or are related in any way to the Existing Agreements, the Prepetition Lien Obligations or the Prepetition Collateral (as defined below).

(d) pursuant to that certain (i) Security Agreement dated as of November 19, 2007, (ii) Pledge Agreement dated as of November 19, 2007, (iii) mortgage dated February 8, 2008, (iv) Supplemental Mortgage dated as of November 19, 2007, (v) Accounts Management Agreement dated as of December 15, 2007 and (vi) Collateral Assignment of Insurances dated as of November 19, 2007 (in each case as heretofore amended, restated, modified, ratified or supplemented from time to time, together with any and all other security agreements, pledge agreements, mortgages, notes, letters of credit, promissory notes, fixture filings, deeds of trust, financing statements, assignments or other security documents or instruments, the "<u>Prepetition Collateral Documents</u>"), (I) the Debtor has, subject to the Permitted Security (as defined in the Facilities Agreement) granted valid, binding, perfected, enforceable, first priority liens upon and security interests (the "<u>Prepetition Liens</u>") in the property described in the Prepetition Collateral

5

Documents (collectively, the "Prepetition Collateral") to the Security Trustee for the benefit of the Prepetition Secured Parties and (II) the Security Trustee's liens upon and security interests in the Prepetition Collateral, for the benefit of the Prepetition Secured Parties, are not subject to avoidance, subordination (except for the Carve Out), recharacterization, recovery, attack, offset, counterclaim, defense or Claim (as such term is defined in the Bankruptcy Code) of any kind pursuant to the Bankruptcy Code or applicable non-bankruptcy law; and

(e)    all cash, securities or other property (and the proceeds therefrom) of the Debtor as of the Petition Date, including without limitation, all cash, securities or other property (and the proceeds therefrom) and other amounts on deposit or maintained by the Debtor in any account or accounts with the Prepetition Secured Parties or at certain other financial institutions (collectively, the "Depository Institutions") were subject to rights of set-off and valid, perfected, enforceable, first priority liens under the Existing Agreements and applicable law, for the benefit of the Prepetition Secured Parties, as applicable. All proceeds of the Prepetition Collateral (including cash on deposit at the Depository Institutions as of the Petition Date) may constitute Cash Collateral of the Prepetition Secured Parties within the meaning of section 363(a) of the Bankruptcy Code (the "Cash Collateral"). This Interim Order does not contain or constitute a finding that any such amounts actually constitute Cash Collateral. The Agent, the Security Trustee and the Prepetition Secured Parties shall be entitled to argue that any amounts to be treated as Cash Collateral under the terms of this Interim Order or any Final Order do not, in fact, constitute Cash Collateral and instead are the sole and exclusive property of the Security Trustee for the benefit of the Prepetition Secured Parties (with all parties in interest reserving their rights with respect to such argument). In addition, Etesco Drilling Company B.V. ("Etesco") shall be entitled to argue that any amounts to be treated as Cash Collateral under the terms of this Interim

4006121_1.DOC
RLF1 4006121v. 1

Order or any Final Order do not, in fact, constitute Cash Collateral and ~~instead~~ ^not are the sole and

exclusive property of ~~Etesco (with all parties in interest reserving their rights with respect to such~~

~~argument).~~ the Debtors or of any other party.

5.     *Findings Regarding the Use of Cash Collateral.*

(a)     Good and sufficient cause has been shown for the entry of this Interim Order.

(b)     The Debtor has an immediate need to use the Prepetition Collateral, including but not limited to Cash Collateral in accordance with the budget (the "Budget") substantially in the form attached hereto as Exhibit A, in order to permit, among other things, the maintenance and preservation of its main asset, the oil drilling vessel Peregrine I, together with the engines, furniture, fixtures and equipment thereon or belonging thereto (collectively, the "Vessel").

(c)     The use of Cash Collateral is fair and reasonable, and in good faith.

(d)     The Debtor has requested immediate entry of this Interim Order pursuant to Bankruptcy Rule 4001(b)(2) and the Local Rules. Absent entry of this Interim Order, the Debtor's estate will be immediately and irreparably harmed. Authorization of the use of Cash Collateral in accordance with the terms of this Interim Order is therefore in the best interests of the Debtor's estate.

6.     *Use of Cash Collateral.*  Subject to this paragraph 6 and the other provisions of this Interim Order, the Debtor is hereby authorized to use all Cash Collateral of the Prepetition Secured Parties (i) solely in accordance with and pursuant to the terms and provisions of this Interim Order and (ii) only to the extent authorized to pay those expenses enumerated in the Budget as and when such expenses become due and payable in the ordinary course of business, provided that the Prepetition Secured Parties are granted adequate protection as hereinafter set forth. The Debtor's right to use Cash Collateral pursuant to this Interim Order shall terminate

7

automatically upon the occurrence of a Termination Event (as defined below); provided that, notwithstanding the occurrence of a Termination Event or anything herein to the contrary, and to the extent that any administrative expenses contained in the Budget have not been paid or payment thereof has not been otherwise provided for (the "Specified Administrative Expenses"), the Debtor may continue to use Cash Collateral (including, without limitation, the proceeds of any sale of Collateral outside the ordinary course of business) after the Termination Event solely for the payment of any such Specified Administrative Expenses, but only in the amounts set forth in the Budget and provided that such expenses were actually incurred prior to the Termination Event. Any and all expenditures of Cash Collateral that are approved by any order of this Court may be made only if such expenditures are accounted for and covered by the Budget or as otherwise approved by the Agent with notice to any Committee.

7. *Adequate Protection.* The Prepetition Secured Parties are entitled, pursuant to sections 361 and 363(e) of the Bankruptcy Code, to adequate protection of their respective interests in the Prepetition Collateral, including the Cash Collateral, for and equal in amount to the aggregate diminution in the value of the Prepetition Secured Parties' interests in the Prepetition Collateral occurring on or after the Petition Date, including, without limitation, any such diminution resulting from (i) the sale, lease or use by the Debtor (or other decline in value from depreciation or decline in market price) of Cash Collateral and any other Prepetition Collateral and (ii) the imposition of the automatic stay pursuant to section 362 of the Bankruptcy Code. As adequate protection, the Security Trustee (for its own benefit and the benefit of the Prepetition Secured Parties) is hereby granted, the following (collectively, the "Adequate Protection Obligations"):

4006121_1.DOC
RLF1 4006121v. 1

(a)     Section 507(b) Claim. The Security Trustee (for its own benefit and the benefit of the Prepetition Secured Parties) is hereby granted, subject to the Carve Out (as defined below), an allowed superpriority claim as provided for in section 507(b) of the Bankruptcy Code, with priority in payment over any and all administrative expenses of the kinds specified or ordered under any provisions of the Bankruptcy Code, including sections 105, 326, 328, 330, 331, 503, 507(a), 726, 1113 or 1114 of the Bankruptcy Code (the "507(b) Claim"). The 507(b) Claim shall not be payable from, or have recourse to, the Avoidance Recoveries (as defined below).

(i)     For purposes hereof, the "Carve Out" means (i) all fees required to be paid to the Clerk of the Bankruptcy Court and to the Office or the United States Trustee under section 1930(a) of title 28 of the United States Code, plus (ii) the reasonable fees and expenses of the retained professionals of the Debtor employed pursuant to sections 327 or 328 of the Bankruptcy Code (other than ordinary course professionals) incurred on or after the Petition Date in an amount not to exceed, without the prior written consent of the Security Trustee, the total sum of $25,000. Notwithstanding anything to the contrary contained in this Order or in any Existing Agreements, the liens and claims granted to any of the Prepetition Secured Parties under, pursuant to or in connection with, as applicable, this Order, the Existing Agreements or applicable law, whether for adequate protection or otherwise (including, without limitation, the Prepetition Lien Obligations, the Prepetition Liens, the Adequate Protection Liens, the 507(b) Claim and the Adequate Protection Obligations), shall be subject and subordinate to the indefeasible payment in full in cash of the Carve Out.

(b)     Adequate Protection Liens. (i) The Security Trustee (for itself and the benefit of the Prepetition Secured Parties) is hereby granted, effective and perfected upon the date of this

Interim Order and without the necessity of the execution by the Debtor, or the filing, of mortgages, security agreements, pledge agreements, financing statements or other agreements, a replacement security interest and an additional security interest in and lien (the "Adequate Protection Liens") upon all assets and property of the Debtor of any kind or nature whatsoever, now owned or hereafter acquired, and all proceeds, rents, products, or profits thereof, and all proceeds of such proceeds, rents, products, and profits (collectively, the "Collateral"), subject and subordinate only to the Carve Out and any prepetition liens and security interests that are senior in priority to the Prepetition Liens that are valid, perfected and not subject to avoidance ("Priority Prepetition Liens"). The Adequate Protection Liens shall not be (A) subject or subordinate to (x) any lien or security interest that is avoided and preserved for the benefit of the Debtor and the Debtor's estate under section 551 of the Bankruptcy Code or (y) any liens arising after the Petition Date including, without limitation, subject to and effective upon entry of a Final Order, any liens or security interests granted in favor of any federal, state, municipal or other governmental unit, commission, board or court for any liability of the Debtor or (B) subordinated to or made *pari passu* with any other lien or security interest under sections 363 or 364 of the Bankruptcy Code or otherwise. The Agent and the Security Trustee shall be entitled to bring a motion to request that the Collateral shall include any avoidance power claims or actions under chapter 5 of the Bankruptcy Code and any proceeds thereof (collectively, the "Avoidance Recoveries").

(c)     Fees and Expenses. The Agent and the Security Trustee shall be entitled to receive by May 9, 2011, cash payment of all accrued and unpaid fees (including the reasonable fees and disbursements of counsel and other professional advisors for the Agent and the Security Trustee, with copies to be provided to the Office of the United States Trustee and any Committee

4006121_1.DOC
RLF1 4006121v. 1

and the Court to retain jurisdiction to consider) and disbursements incurred prior to the Petition Date owing under the Existing Agreements, in the amount set forth in the Budget and all without the necessity of filing any fee application or any other application with this Court; provided, however, that any accrued and unpaid fees or interest for which the Agent and/or the Security Trustee does not seek payment on or prior to May 9, 2011 or any time thereafter shall not be waived, and the Agent and/or Security Trustee's right to recover such unpaid fees or interest is hereby reserved.

(d)     Monitoring. The Debtor shall provide the Agent and the Security Trustee copies of all statements, projections, reports and other materials related to the operation of the Debtor's business or the Collateral as may be reasonably requested by the Agent.

(e)     ~~Chief Restructuring Officer. The Debtor shall appoint a Chief Restructuring Officer (the "CRO") acceptable to the Agent, in the Agent's sole and absolute discretion, by May 6, 2011. The CRO shall be appointed for the purposes of, among other things, implementing and effectuating an orderly process for the marketing and sale of the Vessel, and consummating such sale.~~

8.     *Priority of Adequate Protection Liens.* Except for the Carve Out and Priority Prepetition Liens, no claims or liens shall be permitted with priority senior to or *pari passu* with the Adequate Protection Obligations and the liens hereby granted for the benefit of the Agent, Security Trustee and the Prepetition Secured Parties.

9.     *Reservation of Rights of Prepetition Secured Parties.*

(a)     Under the circumstances and given that the above-described adequate protection is consistent with the Bankruptcy Code, the Court finds that the adequate protection provided herein is reasonable and sufficient to protect the interests of the Prepetition Secured Parties for

the duration of this Interim Order, subject to the rights of the Agent, Security Trustee and the Prepetition Secured Parties to request further or different adequate protection (including the sale, lease or other disposition of any Collateral or Prepetition Collateral).

(b)     Except subject to and in accordance with the terms of this Interim Order, at all times before the occurrence of a Termination Event, the Debtor is hereby prohibited from at any time using the Collateral and the Cash Collateral (as defined in section 363(a) of the Bankruptcy Code).

10.     [Intentionally deleted.]

11.     *Perfection of Adequate Protection Liens.*

(a)     The Agent and the Security Trustee are hereby authorized, but not required, to file or record financing statements, trademark filings, copyright filings, mortgages, notices of lien or similar instruments in any jurisdiction, or take possession or control over, or take any other action in order to validate and perfect the Adequate Protection Liens and any other liens and security interests granted to them hereunder. Whether or not the Agent and/or Security Trustee on behalf of the Prepetition Secured Parties shall, in its or their sole discretion, choose to file such financing statements, trademark filings, copyright filings, mortgages, notices of lien or similar instruments that may otherwise be required under federal or state law in any jurisdiction, or take any action, including taking possession, to validate and perfect such Adequate Protection Liens and other security interests and liens, or take possession of or control over, or otherwise confirm perfection of the liens and security interests granted to them hereunder, such liens and security interests shall be deemed valid, perfected, allowed, enforceable, non-avoidable and not subject to challenge, dispute or subordination (except for the Carve Out), as of the date of entry

of this Interim Order without the necessity of any other or further act or instrument or notice to any person, party or entity.

(b)     The failure of the Debtor to execute any documentation relating to the enforceability, priority or perfection of the Adequate Protection Liens, or any other liens or security interests granted hereunder shall in no way affect the validity, perfection or priority of the Adequate Protection Liens.

(c)     If the Agent or Security Trustee (solely with respect to the Adequate Protection Liens) in their sole discretion, elects to file any financing statements, trademark filings, copyright filings, mortgages, notices of lien or similar instruments, or otherwise to confirm perfection of the Adequate Protection Liens as applicable, the Debtor shall cooperate with and assist in such process, the stay imposed under section 362 of the Bankruptcy Code is hereby lifted to permit the filing and recording of a certified copy of this Interim Order or any such financing statements, trademark filings, copyright filings, mortgages, notices of lien or similar instruments. Upon the request of either the Agent or the Security Trustee (solely with respect to the Adequate Protection Liens), without any further consent of any party, the Debtor is authorized to take, execute, deliver and file such instruments (in each case without representation or warranty of any kind) to enable the Agent and/or Security Trustee to further validate, perfect, preserve and enforce the Adequate Protection Liens and any other liens or security interests granted hereunder as applicable.

(d)     A certified copy of this Interim Order may, in the discretion of either the Agent or the Security Trustee (with respect to the Adequate Protection Liens), be filed with or recorded in filing or recording offices in addition to or in lieu of such financing statements, mortgages,

notices of lien or similar instruments, and all filing offices are hereby authorized to accept such certified copy of this Interim Order for filing and recording..

12. *Termination Events.* Notwithstanding anything expressly contained herein, the Debtor shall not be authorized to use Cash Collateral pursuant to this Interim Order, immediately and without the necessity of any other or further act, instrument or notice (other than with respect to clause (ii) below), upon the occurrence of any of the following events (the "Termination Events"):

(i)     May 15, 2011, except with the prior written consent of the Security Trustee or by further order of this Court;

(ii)     Non-compliance by the Debtor with any of the express terms and/or provisions of this Interim Order and expiration of five (5) business days after written notice from the Agent;

(iii)     Entry of an order by the Bankruptcy Court dismissing the Debtor's Case;

(iv)     Entry of an order by the Bankruptcy Court approving the sale of the Vessel or any substantial portion thereof;

(v)     Unless the Bankruptcy Court orders otherwise, the reversal, vacatur, stay, amendment, supplementation or other modification of this Interim Order in a manner which shall materially and adversely affect the rights of the Agent, the Security Trustee or the Prepetition Secured Lenders hereunder, or shall materially and adversely affect the priority of any or all of the Agent's, the Security Trustee's and the Prepetition Secured Parties' security interests in the Prepetition Collateral and/or the Collateral;

4006121_1.DOC
RLF1 4006121v. 1

(vi)     The Debtor's filing of a motion seeking to obtain priority for liens securing obligations other than as set forth in this Interim Order, including any post-petition financing to which the Agent does not consent; or

(vii)    Entry of an order by the Bankruptcy Court permitting the use of the Prepetition Secured Lenders' Cash Collateral inconsistent with the terms hereof.

13.     *Preservation of Rights Granted Under the Interim Order.*

(a)     Except for the Carve Out and Priority Prepetition Liens, no claim or lien having a priority superior to or *pari passu* with those granted by this Interim Order to the Prepetition Secured Parties shall be granted or allowed while any portion of the Adequate Protection Obligations remain outstanding, and the Adequate Protection Liens shall not be (i) subject or junior to any lien or security interest that is avoided and preserved for the benefit of the Debtor's estate under section 551 of the Bankruptcy Code or (ii) subordinated to or made *pari passu* with any other lien or security interest, whether under section 364(d) of the Bankruptcy Code or otherwise.

(b)     Unless the Adequate Protection Obligations shall have been indefeasibly paid in full in cash, the Debtor shall not seek, and it shall constitute a termination of the right to use Cash Collateral if the Debtor seeks (i) any modification or extension of this Interim Order without the prior written consent of the Agent and no such consent shall be implied by any other action, inaction or acquiescence by the Agent, or (ii) an order dismissing the Case. If an order dismissing the Case under section 1112 of the Bankruptcy Code or otherwise is at any time entered, (A) the Adequate Protection Liens and the 507(b) Claims granted to the Agent and/or Security Trustee (for the benefit of itself and the Prepetition Secured Parties) pursuant to this Interim Order shall continue in full force and effect and shall maintain their priorities as provided

15

in this Interim Order until all Adequate Protection Obligations shall have been indefeasibly paid and satisfied in full in cash, (B) such Adequate Protection Liens and 507(b) Claims granted to the Prepetition Secured Parties shall, notwithstanding such dismissal, remain binding on all parties in interest, (C) the other rights under this Interim Order shall not be affected and (D) this Court shall retain jurisdiction, notwithstanding such dismissal, for the purposes of enforcing the claims, liens and security interests referred to above in this paragraph and otherwise in this Interim Order.

(c)     If any or all of the provisions of this Interim Order are hereafter reversed, modified, vacated or stayed, such reversal, stay, modification or vacation shall not affect (i) the validity of any Adequate Protection Obligations incurred prior to the actual receipt of written notice by the Agent and the Security Trustee of the effective date of such reversal, stay, modification or vacation or (ii) the validity or enforceability of any lien or priority authorized or created hereby or pursuant to this Interim Order with respect to any Adequate Protection Obligations. Notwithstanding any such reversal, stay, modification or vacation, any use of Cash Collateral or Adequate Protection Obligations incurred by the Debtor to the Agent, the Security Trustee or the Prepetition Secured Parties prior to the actual receipt of written notice by the Agent and the Security Trustee of the effective date of such reversal, stay, modification or vacation shall be governed in all respects by the original provisions of this Interim Order, and the Agent, the Security Trustee and the Prepetition Secured Parties shall be entitled to all the rights, remedies, privileges and benefits granted in section 363(e) of the Bankruptcy Code and this Interim Order with respect to all uses of Cash Collateral and Adequate Protection Obligations..

(d)     Except as expressly provided in this Interim Order, the Adequate Protection Liens, the 507(b) Claims granted to the Prepetition Secured Parties, and all other rights and

remedies of the Agent, the Security Trustee and the Prepetition Secured Parties granted by the provisions of this Interim Order shall survive, and shall not be modified, impaired or discharged by the entry of an order converting this Case to a case under chapter 7 or dismissing this Case. The terms and provisions of this Interim Order shall continue in the Case, in any successor case or cases, or in any superseding chapter 7 case under the Bankruptcy Code, and the Adequate Protection Liens and the 507(b) Claims granted to the Prepetition Secured Parties and all other rights and remedies of the Agent and/or Security Trustee and the Prepetition Secured Parties granted by the provisions of this Interim Order shall continue in full force and effect until the Adequate Protection Obligations are indefeasibly paid in full in cash.

14.     *Effect of Stipulations on Third Parties; Bar Date to Commence Action.* The stipulations, admissions and release contained in this Interim Order, including, without limitation, those contained in paragraph 4 of this Interim Order, shall be binding upon the Debtor and any successor thereto (including, without limitation, any chapter 7 or chapter 11 trustee appointed or elected for the Debtor) under all circumstances and for all purposes and shall be binding upon all other parties in interest, unless (a) a party in interest having standing has timely filed an adversary proceeding or contested matter (subject to the limitations contained in paragraph 15 of this Interim Order) by no later than the date that is seventy-five (75) days after the entry of this Interim Order (as such date may be extended by an order of the Court that is entered on the docket within the 60 day deadline, and not by a bridge order, for "cause shown"), (i) challenging the validity, enforceability, allowability, priority or extent of the Prepetition Lien Obligations or the Prepetition Secured Parties' liens on the Prepetition Collateral or (ii) otherwise asserting any claims or causes of action against the any of the Prepetition Secured Parties on behalf of the Debtor's estate and (b) the Court rules in favor of the party in interest

17

having standing in any such timely filed adversary proceeding or contested matter. If no such

adversary proceeding or contested matter is timely filed or the Court does not rule in favor of the

party in interest having standing in any such proceeding, (w) the Debtor's admissions,

stipulations and releases contained in paragraph 4 of this Interim Order shall be binding on any

and all parties in interest, (x) the Prepetition Lien Obligations shall constitute allowed claims, not

subject to counterclaim, setoff, subordination (except for the Carve Out), recharacterization,

defense or avoidance, for all purposes in this Case and any subsequent case under chapter 7, (y)

the Agent's, the Security Trustee's and the Prepetition Secured Parties' liens on the Prepetition

Collateral shall be deemed to have been, as of the Petition Date, legal, valid, binding and

perfected security interests and liens, not subject to recharacterization, subordination (except for

the Carve Out), avoidance or other defense and (z) the Prepetition Lien Obligations, the Agent's,

the Security Trustee's and the Prepetition Secured Parties' liens on the Prepetition Collateral and

the Prepetition Secured Parties shall not be subject to any other or further claim or challenge by

any party in interest seeking to exercise the rights of the Debtor's estate, including, without

limitation, any successor thereto (including, without limitation, any chapter 7 or 11 trustee or

examiner appointed or elected for the Debtor), and any claims, causes of action, defenses and

setoffs, whether arising under the Bankruptcy Code or otherwise, against the any of the

Prepetition Secured Parties, and their respective affiliates, agents, officers, directors and

employees, arising out of or relating to the Existing Agreements shall be deemed waived and

released. If any such adversary proceeding or contested matter is properly filed as of such dates,

the Debtor's admissions, stipulations and releases contained in paragraph 4 of this Interim Order

shall nonetheless remain binding and preclusive (as provided in the second sentence of this

paragraph) except to the extent that such admissions and releases were expressly challenged in such adversary proceeding or contested matter.

15.     *Limitation on Use of Collateral.* Notwithstanding anything herein or in any other order of this Court to the contrary, no proceeds of Prepetition Collateral, Cash Collateral, Collateral or the Carve Out may be used to (a) object, contest or raise any defense to, the validity, perfection, priority, extent or enforceability of any amount payable under the Existing Agreements, or the liens or claims granted under this Interim Order or the Existing Agreements; or (b) assert any claims or defenses or causes of action against the Agent, the Security Trustee or the Prepetition Secured Parties or their respective agents, affiliates, subsidiaries, directors, officers, representatives, attorneys or advisors, (c) prevent, hinder or otherwise delay either of the Agent's or the Security Trustee's assertion, enforcement or realization on the Cash Collateral or the Collateral in accordance with the Existing Agreements or this Interim Order, (d) seek to modify any of the rights granted to the Agent, the Security Trustee or the Prepetition Secured Parties hereunder or under the Existing Agreements, in each of the foregoing cases without such parties' prior written consent, which may be given or withheld by such party in the exercise of its respective sole and absolute discretion or (e) pay any amount on account of any claims arising prior to the Petition Date unless such payments are approved by an order of this Court.

16.     *No Control.* Subject to the entry of the Final Order, from and after the Petition Date, no act committed or action taken by the Agent, the Security Trustee or the Prepetition Secured Parties in connection with enforcement of any right or remedy provided for under this Interim Order or the Existing Agreements shall be used or construed to hold the Agent, the Security Trustee or the Prepetition Secured Parties to be in control of or participating in the governance, management or operations of the Debtor for any purpose by virtue of the interests,

19

rights and remedies granted to or conferred upon the Agent, the Security Trustee or the

Prepetition Secured Parties under this Interim Order or the Existing Agreements, including,

without limitation, such rights and remedies as may be exercisable by the Agent, the Security

Trustee or the Prepetition Secured Parties in connection with this Interim Order.

17.     *Collateral Agent.*  To the extent that the Agent or Security Trustee (or any

predecessor, bailee, agent or designee thereof) is the secured party under any account control

agreement, listed as loss payee under the Debtor's insurance policies or is the secured party

under any other Existing Agreements, then the Agent or Security Trustee, as applicable, is also

deemed to be the secured party under such account control agreement, loss payee under the

Debtor's insurance policies and the secured party under any other Existing Agreement, shall

have all rights and powers associated with that position (including, without limitation, rights of

enforcement) and shall act in that capacity and distribute any proceeds recovered or received in

accordance with this Interim Order. The Security Trustee (and any predecessor, bailee, agent or

designee thereof) shall serve as agent and bailee for the Adequate Protection Liens on all

Collateral that is of a type such that perfection of a security interest therein may be accomplished

only by possession or control by a secured party.

18.     *Retention of Jurisdiction.*  This Court shall retain jurisdiction to enforce the

provisions of this Interim Order, and this retention of jurisdiction shall survive any conversion ~~or~~

~~dismissal~~ of this Case.

19.     *Binding Effect; Successors and Assigns.*  The provisions of this Interim Order

shall be binding upon all parties in interest in this Case, including, without limitation, the

Prepetition Secured Parties, the Depository Institutions and the Debtor and their respective

successors and assigns (including any chapter 7 or chapter 11 trustee or examiner hereinafter

20

appointed or elected for the Debtor's estate) and shall inure to the benefit of the Prepetition

Secured Parties and the Debtor and any of their respective successors and assigns (including any

chapter 7 or chapter 11 trustee or examiner hereinafter appointed or elected for the estate of the

Debtor).

20.     *Effective Upon Entry.* Notwithstanding Bankruptcy Rules 4001(a)(3), 6004(h),

6006(d), 7062 or 9024 or any other Bankruptcy Rule, or Rule 62(a) of the Federal Rules of Civil

Procedure, this Interim Order shall be immediately effective and enforceable upon its entry and

there shall be no stay of execution of effectiveness of this Interim Order as provided in such

Rules.

21.     *Headings.* Section headings used herein are for convenience only and are not to

affect the construction of or to be taken into consideration in interpreting this Interim Order.

22.     This Interim Order shall constitute findings of fact and conclusions of law and

shall take effect and be fully enforceable *nunc pro tunc* to the Petition Date immediately upon

entry hereof.

23.     The Debtor certifies that all disclosures required by Local Rule 4001-2 have been

made.

24.     Intentionally deleted.

25.     The Debtor shall promptly mail copies of this Interim Order (which shall

constitute adequate notice of the Final Hearing to be held before this Court on May 23, 2011 at

10:30 a.m. including without limitation, notice that the Debtor will seek approval at the Final

Hearing of a waiver of rights under section 506(c) of the Bankruptcy Code) to the parties having

been given notice of the Interim Hearing, and to any other party that has filed a request for

notices with this Court. Any party in interest objecting to the relief sought at the Final Hearing

4006121_1.DOC
RLF1 4006121v. 1

shall serve and file written objections; which objections shall be served upon: (i) Latham &

Watkins LLP, attorney for the Debtor, 885 Third Avenue, New York, New York 10022, Attn:

Keith A. Simon, Esq., keith.simon@lw.com; (ii) Richards, Layton & Finger, P.A., attorneys for

the Debtor, 920 N. King Street, One Rodney Square, Wilmington, Delaware 19801, Attn:

Russell C. Silberglied, Esq., silberglied@rlf.com and John H. Knight, Esq., knight@rlf.com; (iii)

Kaye Scholer LLP, attorneys for WestLB AG, New York Branch, in its capacity as Agent and

Security Trustee, 425 Park Avenue, New York, New York 10022, Attn.: Madlyn Gleich Primoff,

Esq., mprimoff@kayescholer.com and Mark F. Liscio, Esq., mliscio@kayescholer.com; (iv)

Potter Anderson & Corroon LLP, attorneys for WestLB AG, New York Branch, in its capacity

as Agent and Security Trustee, Hercules Plaza, 6th Floor, 1313 North Market Street,

Wilmington, Delaware 19801, Attn: Laurie Selber Silverstein, lsilverstein@potteranderson.com;

(v) the Office of the United States Trustee for the District of Delaware, and shall be filed with

the Clerk of the United States Bankruptcy Court for the District of Delaware, in each case to

allow actual receipt by the foregoing no later than _May 10_, 2011 at ~~12:00 (noon)~~ 4:00 p.m.,

prevailing Eastern time.


Dated: Wilmington, Delaware
        May 9, 2011

                                        _____
                                        THE HONORABLE MARY F. WALRATH
                                        UNITED STATES BANKRUPTCY JUDGE